## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

K'LIN C GOOTEE,                                    *

Plaintiff,                                         *

v.                                                 *          Civil Action No. RDB-20-1217

WICOMICO COUNTY DETENTION                          *
  CENTER,
BOB CULVER,                                        *
R. WAYNE STRAUSBURG,
RUTH COLBOURNE,                                    *
DEPUTY DIRECTOR JAMINSON,
COLONEL OFFICER KIMBLE,                            *
MAJOR FOREMAN,
CAPTAIN BARE,                                      *
LT. WATSON,
SERGEANT KRESSANT,                                 *
INTEL OFFICER BLEVENS,
OFFICER GARDNER,                                   *
OFFICER KNOX,
OFFICER KILGOR, and                                *
WCDC NURSES,
                                                   *
Defendants.

***

## <u>MEMORANDUM OPINION</u>

Self-represented Plaintiff K'Lin C. Gootee, currently incarcerated at the Wicomico County

Detention Center ("WCDC") in Salisbury, Maryland, brought this civil action pursuant to 42

U.S.C. § 1983 against WCDC, Bob Culver, R. Wayne Strausburg, Ruth Colbourne, Deputy

Director Jaminson, Colonel Officer Kimble, Major Foreman, Captain Bare, Lt. Watson, Sergeant

Kressant, Intelligence Officer Blevens, Officer Gardner, Officer Knox, and Officer Kilgor

(collectively, the "County Defendants"), and WCDC Nurses. ECF Nos. 1, 5. Plaintiff claims that

he suffered burns from the explosion of a hot water nozzle at WCDC after correctional officers

ignored his observation that the spout was loose.  *Id.*  He seeks compensation for the alleged violation of his constitutional rights.  ECF No. 1 at 3.

On October 6, 2020, the County Defendants filed a Motion to Dismiss or, Alternatively, for Summary Judgment.  ECF No. 11.  Plaintiff filed a response in opposition, reiterating that he suffered injuries as a result of the incident.  ECF No. 13.

A hearing is not necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons explained below, the Court will grant the County Defendants' Motion.  Although the WCDC Nurses were not served with the Complaint, Plaintiff's claims against them will be dismissed pursuant to 28 U.S.C. § 1915A.

## Background

Plaintiff claims that while incarcerated at WCDC on January 24, 2020, he was directed to distribute hot water to inmates.  ECF No. 1-3 at 1.  While doing so, a nozzle "exploded off the hot water container," causing hot water to burn Plaintiff and another inmate.  *Id.*  Plaintiff alleges that he "called for the guards to come to [his] aid," and to try to keep the hot water "from going everywhere."  *Id.*  The guards approached "slowly," and "kinda helped with the situation . . . stopping the hot water."  Officer Gardner then asked Plaintiff if he "needed medical attention, and Plaintiff declined.  *Id.*  Gardner asked Plaintiff if he was sure, and Plaintiff decided to go to the medical unit.  *Id.*

Lieutenant Watson assessed the situation, took pictures of the water container, and escorted Plaintiff to the medical unit.  *Id.* at 1-2.  Plaintiff was seen by medical staff, who assured him that "he looked fine and [would] be all right."  *Id.* at 2.  Plaintiff then returned to his housing unit.  *Id.*  Plaintiff later wrote to the medical unit advising staff that he had "blisters" and a "burn on [his] leg," and they came to bandage his legs a couple of days later.  *Id.*

In the interim, Plaintiff spoke to MCO R. Blevens of the Intelligence Unit about the incident.  *Id.*  Blevens told Plaintiff that when he tried to view the video recording of the occurrence, the camera had "skipped" and did not capture it.  *Id.*  Plaintiff did not believe him and filed a grievance on January 28, 2020.  *See id.*; ECF No. 1-2.  On January 31, 2020, Blevens responded to the grievance, stating that "[i]nvestigation into the matter showed that while unfortunate, staff ensured that [Plaintiff] was seen and treated for [his] injury."  ECF No. 1-2.  In addition, "[m]edical continued treatment into the days following the incident."  *Id.*  Thus, Blevens found no grounds to grant Plaintiff's request.  *Id.*  Blevens suggested, however, that moving forward, officers should check the spouts on the hot water containers to ensure that they are in working order and serviceable.  ECF No. 11-2 at 2-3.

Plaintiff's medical records indicate that following the incident, he was monitored and treated by medical staff on January 25, 28, 30, 31, and February 1, 2020.  *See* ECF No. 11-4.  Plaintiff's course of treatment ended on February 1, 2020, when his wound was observed to be healing, with no swelling, redness, or drainage, and Plaintiff voiced no additional concerns or complaints.  *Id.* at 14.

### Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory

factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat=l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

## Analysis

### I.    WCDC

As a preliminary matter, WCDC is not a "person" subject to suit under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983.  *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").

Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person. Because WCDC is not a person within the meaning of the statute, Plaintiff's claims against it cannot stand.

### II.    Eighth Amendment Claims

The Eighth Amendment prohibits cruel and unusual punishment.   The "Eighth Amendment's prohibition on cruel and unusual punishments imposes certain basic duties on prison officials."  *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Those duties include maintaining "reasonable measures to guarantee the

safety of the inmates." *Id.* (quoting *Farmer*, 511 U.S. at 832).  To demonstrate a violation of his Eighth Amendment rights, a plaintiff must satisfy a two-part inquiry that includes both objective and subjective components.  *See Raynor*, 817 F.3d at 127.  First, to satisfy the objective inquiry, the plaintiff "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or a substantial risk of such harm.  *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014); *see also Farmer*, 511 U.S. at 834.  The objective inquiry requires the Court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).  To satisfy the subjective component of the test, a plaintiff must establish that the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety."  *Farmer*, 511 U.S. at 834. Evidence establishing a culpable state of mind requires actual knowledge of an excessive risk to the prisoner's safety, in that the prison officials both were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and that they actually drew that inference.  *Id.* at 837.  "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it."  *Grayson v. Peed*, 195 F.3d 692, 695-96 (4th Cir. 1999).

The record here supports, at most, that WCDC correctional officers were negligent in disregarding Plaintiff's observation that the hot water spout was loose.  Negligence does not constitute cruel and unusual punishment.  *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). The absence of any subjective animus toward Plaintiff is evidenced by the officers' immediate calls to medical staff to have Plaintiff examined following the explosion.  Plaintiff does not dispute this allegation.

To the extent that his claim could be construed as asserting a claim for cruel and unusual

punishment under the Eighth Amendment to the Constitution, which would require a showing of deliberate indifference to inmate health and safety, the asserted facts viewed in the light most favorable to Plaintiff, do not support such a claim.  Assuming that Plaintiff was suffering from a serious medical need, no evidence supports that the County Defendants disregarded the risks to Plaintiff's health or failed to provide him with necessary medical care.  Specifically, the record demonstrates that Plaintiff was immediately asked if he needed medical attention and was promptly taken to the medical unit for evaluation and treatment.  The Court cannot find that the County Defendants exhibited a callous disregard for a serious medical need.  Thus, they are entitled to summary judgment.[1]

## III.    WCDC Nurses

The WCDC Nurses not been served with the Complaint.  Because Plaintiff is an inmate who is proceeding *in forma pauperis*, the Court reviews the allegations against these unserved Defendants to assess whether Plaintiff has stated a plausible claim for relief against them.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  For the reasons discussed above relating to Plaintiff's Eighth Amendment claims, the claims against the WCDC Nurses cannot proceed.  *See* Section II, *supra*. After Plaintiff was taken to the medical unit, he was promptly treated by medical staff.  As Plaintiff fails to state a plausible claim for relief against the WCDC Nurses, the claims against them will be dismissed.  *See* 28 U.S.C. § 1915A(b).

---

[1] In addition, Plaintiff does not allege the personal participation of several of the named County Defendants.  Claims for constitutional deprivation brought pursuant to 42 U.S.C. § 1983 attach only where the individual defendant participated personally in the alleged deprivation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  Thus, Plaintiff's claims against Culver, Strausburg, Colbourne, Jaminson, Kimble, Foreman, Bare, Watson, and Kressant also fail on this ground.

**Conclusion**

Plaintiff's claims against WCDC and the WCDC Nurses are dismissed.   The County Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment is granted.[2]

A separate Order follows.

__2/1/2021_____          /s/_____
Date                                              RICHARD D. BENNETT
                                                    UNITED STATES DISTRICT JUDGE

---

[2] In light of this ruling, the Court need not address the County Defendants' argument regarding qualified immunity.